STATE OF NEW JERSEY, v. JAMES BURKITT, DEFENDANT.

Argued May 18, 1938—Decided June 15, 1938.

Before Justices CASE, DONGES and PORTER.

For the state: *James A. Hamill* (*Edward J. O'Mara*, of counsel).

For the applicant, *Samuel L. Rothbard*.

The opinion of the court was delivered by

PORTER, J. This is an application for a writ of *certiorari* to review an order of the Court of Common Pleas of Hudson county dated May 9th, 1938, in affirming a conviction of the defendant under section 7 of the Disorderly Persons act. *Rev. Stat.* 2 :202-7. He was convicted in the First Criminal Court of Jersey City on April 23d, 1938, for indulging in

loud, offensive, and indecent language in a public place in said city on April 16th, 1938. The language he was charged with using need not be repeated here, suffice it to say that there can be no doubt whatever of the offensiveness and indecency of the words if used as alleged.

The form of the complaint is attacked on five grounds. It is contended:

(1) That the court had no jurisdiction because of the insufficiency of the complaint in that it does not expressly charge the defendant with being a disorderly person,

(2) That it is not specific as to where and when the offense was committed,

(3) That it fails to allege that anyone overheard the language complained of,

(4) Nor the circumstances under which the same was used,

(5) That it fails to allege that he loitered or assembled on the streets.

We find no merit in any of these contentions. The statute in question reads in part as follows:

"Any person who, being under the influence of intoxicating liquor; shall loiter or assemble on the streets, at the street corners or in or upon the public places of any municipality of this state, and any person who shall, on such streets, at such street corners or in such public places, or any railroad train, trolley car or other public conveyance within any municipality of this state, indulge in and utter loud and offensive or indecent language   *   *   *   shall be adjudged a disorderly person."

It will be observed that two separate and distinct offenses are denounced. It is the second one which the complaint dealt with. The purpose of a complaint is to fully inform the accused of the nature of the accusation against him. The defendant here, in our view, was not misled nor could he have had any doubt of what the charge was nor where and when committed. We conclude that the complaint was sufficient and that there is no merit in the contentions. *Bassette* v. *State,* 51 *N. J. L.* 502; *State* v. *O'Donnell,* a recent unreported opinion by Mr. Justice Donges.

The conduct of the trial is criticised. The trial judge is charged with error in failing to grant motions to dismiss the complaint, to acquit the defendant, and in arrest of the judgment. We find no error here. The complaint being sufficient, as already stated, the motions were properly denied.

It is next urged that the court erred in denying the defendant the aid and advice of counsel. We do not find this to be the fact. On the contrary, the court in an attempt to conduct the trial in an orderly manner required that either counsel or the defendant try the case, but that both could not do so at the same time. Whenever the defendant wished to address the court or examine a witness, he went through the farcical performance of dismissing counsel, but counsel remained, and throughout the trial, when not actually trying the case, was advising the defendant. The action of the court was entirely within his discretion and was not improper.

It is also alleged that the court interfered with the presence of defendant's witnesses when needed. We find no proof of this in the record.

Objection is made to the court's rulings in sustaining objections to testimony offered by the defense. Efforts were made by the defense to show that the defendant was prevented from seeing counsel on the night of his arrest; that the defendant was a political foe of the mayor of Jersey City; that the director of public safety had been arbitrary in refusing to grant him a permit to make a speech at Journal Square on the night of his arrest, and that the real reason for the arrest was his attempt to make a speech without a permit. The trial court tried repeatedly, and properly so, to confine the trial to the only issue before him; namely, the truth or falsity of the charge against the defendant. He ruled out as immaterial, time and time again, all attempts to try the many extraneous matters the defense sought to inject. A careful examination of the voluminous testimony fails to disclose any improper ruling or reversible error concerning the rejection of evidence, nor do we find any merit at all that the court's rulings were made arbitrarily and without giving counsel or the accused an opportunity to be heard. The fact is that the

defense not being content with the court's rulings, on numerous occasions sought again and again to inject these irrelevant and immaterial matters, and repeatedly urged the reasons for the offers.

The Court of Common Pleas affirmed the conviction, and upon the evidence it would appear that its findings of fact were entirely justified.

It is well settled that it is not the province of this court on *certiorari*, in cases of this kind, to determine disputed questions of fact, and to consider the weight and sufficiency of the evidence so as to review the findings of the Court of Common Pleas, when there is evidence to support such findings.

The defendant was sentenced to serve six months in the Hudson county penitentiary. It is urged on his behalf that such a sentence is cruel, inhuman, and unusual, and consequently in violation of both the state and federal constitutions. No authorities are cited for that proposition. It is enough to say that the statute is not a new nor novel one having been enacted in 1898, and we think it clearly sound under the police power of the state. *State* v. *Griffin,* 84 *N. J. L.* 429; *State* v. *Bell,* 15 *N. J. Mis. R.* 109; *Levine* v. *State,* 110 *N. J. L.* 467. Finally the argument is made that the conduct of the trial was unfair, and the verdict arrived at as the result of bias, passion, and prejudice; that both the trial court and the reviewing court were guilty of bias and prejudice; and that it was impossible for the accused, therefore, to have a fair and proper trial or review. This is a grave and serious charge. None more so, perhaps, can be brought against judicial officers. We searched the record in vain for any evidence whatsoever to sustain that charge.

Finding no error in the proceedings which warrant review by this court, the application is denied.